VIOLA FUCHEK, Respondent, et al., Plaintiffs, v. FRANK KUTZA, Appellant.— Plaintiffs are husband and wife. The wife seeks to recover damages for personal injuries alleged to have been caused by defendant's negligence, and the husband sues to recover for loss of services and for medical expenses. Plaintiffs reside in an apartment across the hall from one occupied by defendant on the first floor of a multiple dwelling, which defendant owns. A fire occurred in defendant's apartment from a cigarette which dropped from his mouth while asleep after he had been drinking. Plaintiff wife tripped over a body lying prostrate on the floor of a room in her apartment. She testified that she thought it was her husband's but that she later learned it was defendant's, which had been placed there by the firemen. She claimed that she developed a toxic thyroid condition necessitating the removal of the thyroid gland as a consequence of shock and fright. After the charge the defendant handed up a written request to charge, which the court denied except as already covered in the main charge. The jury rendered a verdict in favor of plaintiff wife for $5,000 against defendant and in favor of defendant against plaintiff husband. Defendant appeals from the judgment entered thereon, insofar as said judgment is in favor of plaintiff wife. Judgment insofar as appealed from reversed on the law and new trial granted, with costs to abide the event. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. The denial of the court to charge

as requested by defendant constitutes reversible error. Nolan, P. J., MacCrate and Schmidt, JJ., concur; Carswell and Wenzel, JJ., concur for reversal but dissent as to the granting of a new trial and vote to dismiss the complaint, with the following memorandum: The facts are not in dispute. Hence, as a matter of law the independent supervening action of the firemen precludes a finding of liability. And, in any event, a new trial should be had on the ground that the verdict is against the weight of the evidence.